UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE R. STILLER TULL,<br><br>             Plaintiff,<br><br>v.<br><br>UC LLC,<br><br>             Defendant. | No. 2:24-cv-01408-DJC-JDP<br><br><br>ORDER |

Plaintiff, a former Sales Operations Manager employed by Defendant, is pursuing claims that Defendants' termination of Plaintiff violated the Americans with Disabilities Act and the Family and Medical Leave Act. Plaintiff has filed a motion seeking to modify the scheduling order to extend discovery deadlines. (ECF No. 33.) Plaintiff seeks additional time to conduct an additional deposition, receive additional discovery, and provide expert disclosures. This motion was taken under submission without oral argument pursuant to Local Rule 230(g). (ECF No. 45.) Plaintiff has also filed a Motion for Leave to Amend the Complaint to add two additional causes of action. (ECF No. 42.) The Court now also takes that motion under submission without oral argument. *See* Local Rule 230(g).

For the reasons stated below, Plaintiff's Motion to Modify the Scheduling Order and Motion for Leave to Amend are denied.

1

## I.  Legal Standard

On January 23, 2025, the Court issued a scheduling order in this action that set the discovery deadlines in this case and stated that "no further . . . amendments to the pleadings is permitted without leave of the Court, good cause having been shown." (ECF No. 25 at 1 (citing Fed. R. Civ. P. 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992)).  Federal Rule of Civil Procedure 16(b) states that the court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3). Once established, the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Johnson*, 975 F.2d at 607–08.  Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).  "If that party was not diligent, the inquiry should end."  *Johnson*, 975 F.2d at 609.

## II.  Motion to Modify Scheduling Order to Permit Additional Discovery

Plaintiff has not established good cause to modify the scheduling order to conduct additional discovery.  In the Court's scheduling order, the Court set a deadline for fact discovery to be completed on November 14, 2025.  (*Id.* at 3.)  In setting this schedule, the Court expressly stated:

> As used herein, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary

> and, where discovery has been ordered, the order has been obeyed. The parties are advised that motions to compel must be filed in advance of the discovery completion deadlines so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(*Id.* at 3 n.1.)  Now, well over a month after the close of fact discovery, Plaintiff requests that the Court modify the scheduling order to extend discovery deadlines.

Plaintiff first seeks an additional period of fact discovery so Plaintiff can obtain certain documentary evidence.  Plaintiff first sought this discovery in a request for production that was served the day before the fact discovery deadline.  (ECF No. 40 at 3 ("On November 13, 2025, prior to the fact discovery cutoff, Plaintiff served her third set of Requests for Production[.]").)  Plaintiff's failure to make a timely request for the production of documents, such that any discovery disputes could be resolved before the fact discovery deadline, shows a lack of diligence and, as such, does not establish good cause to modify the scheduling order.

Similarly, Plaintiff now seeks to conduct a deposition of Defendant's Person Most Qualified under Federal Rule of Civil Procedure 30(b)(6).  But any such deposition is entirely belated.  Plaintiff does not dispute that Plaintiff did not notice any depositions prior to the close of discovery.  Plaintiff argues that Defendant's failure to sign and return a protective order prevented Plaintiff from conducting a Rule 30(b)(6) deposition.  (*See* ECF No. 40 at 5–6.)  But Plaintiff's failure to obtain a stipulated protective order, or the timely seek relief if a stipulation could not be reached, cannot be said to be diligent and thus cannot establish good cause.

Finally, Plaintiff seeks a modification of the expert discovery deadline on the basis that "Plaintiff's expert withdrew from the case on January 8, 2026."  (ECF No. 33 at 5.)  But the deadline for the disclosure of experts was December 12, 2025.  (ECF No. 25 at 3.)  It is undisputed that Plaintiff did not disclose any experts prior to that

deadline.  Plaintiff states that "[e]xpert disclosures are due under the Scheduling Order . . . on January 9, 2026." (ECF No. 33 at 5.)  But the January 9, 2026, deadline was for rebuttal experts (ECF No. 25 at 3), and Defendant did not disclose any expert witnesses.  Thus, no rebuttal experts could be disclosed by Plaintiff.  As such, regardless of whether Plaintiff's expert unexpectedly withdrew, Plaintiff failed to timely disclose any expert witnesses and did not act with diligence.

Moreover, the factors described in *City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017), do not favor permitting amendment to the scheduling order.[1] *First*, while trial is not set to begin until October 19, 2026, the dispositive motion deadline preceding it is rapidly approaching.  The scheduling order requires that any dispositive motions be filed by April 17, 2026, just a few weeks away.  Any alteration to the discovery deadlines at this stage would necessarily affect the impending dispositive motion deadline and thus the approaching trial date. *Second*, the request is opposed.  Third, Defendants would be prejudiced as reopening the discovery deadline at this stage would necessarily affect the preparation of dispositive motions and the efficient resolution of this case.  *Fourth*, as described above, Plaintiff was not diligent in obtaining the discovery sought.  *Fifth*, the need for the discovery sought was entirely foreseeable.  *Sixth*, the discovery may lead to relevant evidence.  But while relevant evidence may have resulted from additional discovery, this does not outweigh the rest of the factors, which are either neutral or weigh against granting Plaintiff's motion.

---

[1] As stated above, the Ninth Circuit has stated that "[i]f that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609.  Nevertheless, the court also described additional factors in *City of Pomona* that could also be used to determine whether amending the scheduling order to permit additional discovery is appropriate.  These factors are: 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and 6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona*, 866 F.3d at 1066.

Accordingly, the Court finds that Plaintiff has not established good cause to modify the scheduling order.  Plaintiff's Motion to Modify the Scheduling Order (ECF No. 33) is denied on this basis.

**III. Motion for Leave to Amend the Complaint**

Plaintiff also seeks leave to amend the complaint.  (ECF No. 42.)  Plaintiff's proposed amended complaint would add two claims under the CFRA and FEHA.  (*See* ECF No. 42-1 at 14–17.)  Plaintiff asserts good cause exists because the request "is driven by the discovery record and prompt post-discovery analysis[.]"  (ECF No. 42 at 8.)  Plaintiff further contends that they did not previously seek to add these claims because "it was only after Plaintiff's deposition, further review of the discovery record, and focused consultation with employment law experts that the full scope and utility of California CFRA and FEHA interactive-process theories became clear."  (*Id.*)

Plaintiff has not established good cause for the substantial delay in seeking to amend the complaint.  The general disclosure of discovery does not justify the failure to identify potential claims until over two months after the close of fact discovery.  Plaintiff specifically calls out Plaintiff's own deposition as key in "provid[ing] additional clarity" on factual issues.  (ECF No. 47 at 2.)  Plaintiff cannot establish good cause based on Plaintiff's Counsel being unaware of factual information known to Plaintiff prior to Plaintiff's deposition testimony.  Plaintiff also cannot justify this delay based on a vague assertion that the claims were not realized until Plaintiff engaged in "focused consultation with employment law experts," when the decision to delay such consultation was within Plaintiff's control.  In the Reply, Plaintiff asserts that the delay in bringing the present motion was caused "in significant part to delays in discovery matters in this case."  (ECF No. 47 at 2.)  But, as discussed above, the "delays" referenced appear largely attributable to Plaintiff's own lack of diligence.  Plaintiff also suggests that "Plaintiff has agreed to permit an additional deposition and the proposed claims arise from the same core set of facts already at issue in this case."  (ECF No. 47 at 2.)  But Plaintiff may not cure a lack of diligence and establish good

cause by shifting the onus on the Defendant to choose between either proceeding without adequate discovery or delaying the case and incurring additional expense to defend against untimely asserted claims.

Accordingly, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 42) is denied for failure to establish good cause.  *See Johnson*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

**IV. Conclusion**

In accordance with the above, Plaintiff's Motion to Modify the Scheduling Order (ECF No. 33) and Motion for Leave to Amend (ECF No. 42) are DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6